## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **COMANCHE EXPLORATION COMPANY, LLC,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) | **Case No. CIV-19-809-G** |
| **ACCESS US OIL & GAS, INC., et al.,** | ) ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Now before the Court is Defendants Access US Oil & Gas Inc. and Access Texas Oil & Gas, LLC's Motion to Quash Subpoena Duces Tecum (Doc. No. 108). Plaintiff Comanche Exploration Company, LLC responded in opposition (Doc. No. 110), and Defendants replied (Doc. No. 111). On December 6, 2021, the parties appeared in court for hearing on the matter.

As was announced by the Court at the hearing, Defendants' Motion is GRANTED IN PART AND DENIED IN PART. Defendants' Motion is granted insofar as Defendants shall have an opportunity to review any documents produced by non-party Hott Resources LLC ("Hott Resources") in accordance with the following procedure:

- Hott Resources shall produce all responsive documents to Defendants within seven days of the December 6, 2021 hearing.[1]

---

[1] As noted at the hearing, Defendants are responsible for communicating the Court's Order, memorialized herein, to Hott Resources.

- Defendants have seven days from the date of production in which they may review the documents produced by Hott Resources for material protected by Defendants' attorney-client privilege.

- After the seven-day privilege review period, Defendants shall (a) provide Plaintiff with all documents produced by Hott Resources that are not protected by Defendants' attorney-client privilege, including portions of documents if redactions are necessary; and (b) produce a privilege log in compliance with Federal Rule of Civil Procedure 45(e)(2) describing the nature of any withheld or redacted documents and stating the basis of the withholding or redaction.

Defendants' Motion is otherwise DENIED. *See Leblanc v. Texas Brine Co.*, No. CIV-16-1026-D, 2017 WL 913801, at *2 (W.D. Okla. 2017) ("The general rule regarding standing is that only the party to whom the subpoena is directed has standing to object to its issuance."); *Pub. Serv. Co. of Okla. v. A Plus, Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *5 (W.D. Okla. 2011) ("The subpoenaed entity is the only one entitled to challenge the subpoena under Fed. R. Civ. P. [45(d)(3)], unless a showing is made that plaintiff has a personal right to be protected or that the documents are subject to a privilege." (internal quotation marks and alteration omitted)).

Because Defendants' objections to the subpoena are not properly before the Court, other than Defendants' objection based on attorney-client privilege, addressed above, this Order has no bearing on the scope of responsive documents Hott Resources is obligated to produce pursuant to the third-party subpoena served on it by Plaintiff.

IT IS SO ORDERED this 17th day of December, 2021.

CHARLES B. GOODWIN
United States District Judge