## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **COMANCHE EXPLORATION COMPANY, LLC,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. CIV-19-809-G** |
| **ACCESS US OIL & GAS, INC., et al.,** | ) ) | |
| **Defendants.** | ) | |

## ORDER

Now before the Court is Plaintiff Comanche Exploration Company, LLC's Combined Motion to Quash Third Party Subpoena and Motion for Contempt Sanctions (Doc. No. 117). Defendants Access US Oil & Gas, Inc. and Access Texas Oil & Gas, LLC responded in opposition (Doc. No. 129), and Plaintiff replied (Doc. No. 141). On December 6, 2021, the parties appeared in court for hearing on the matter.

*I.    Motion to Quash*

As was outlined by the Court at the hearing, Defendants' Motion to Quash is GRANTED IN PART AND DENIED IN PART. Although not addressed in its papers, Plaintiff argued at the hearing that Defendants' third-party subpoena to non-party IOG Mid-Continent I, LLC ("IOG") requested documents that may be protected by Plaintiff's attorney-client privilege. Plaintiff's Motion to Quash is therefore granted insofar as Plaintiff shall have an opportunity to review any documents produced by IOG in accordance with the following procedure:

- IOG shall produce all responsive documents to Plaintiff within 14 days of this Order.[1]

- Plaintiff has 14 days from the date of production in which it may review the documents produced by IOG for material protected by Plaintiff's attorney-client privilege.

- After the 14-day privilege review period, Plaintiff shall (a) provide Defendants with all documents produced by IOG that are not protected by Plaintiff's attorney-client privilege, including portions of documents if redactions are necessary; and (b) produce a privilege log in compliance with Federal Rule of Civil Procedure 45(e)(2) describing the nature of any withheld or redacted documents and stating the basis of the withholding or redaction.

Plaintiff's Motion to Quash is otherwise DENIED. *See Leblanc v. Texas Brine Co.*, No. CIV-16-1026-D, 2017 WL 913801, at *2 (W.D. Okla. 2017) ("The general rule regarding standing is that only the party to whom the subpoena is directed has standing to object to its issuance."); *Pub. Serv. Co. of Okla. v. A Plus, Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *5 (W.D. Okla. 2011) ("The subpoenaed entity is the only one entitled to challenge the subpoena under Fed. R. Civ. P. [45(d)(3)], unless a showing is made that plaintiff has a personal right to be protected or that the documents are subject to a privilege." (internal quotation marks and alteration omitted)).

---

[1] Plaintiff is responsible for ensuring that IOG receives a copy of this Order.

2

Because Plaintiff's objections to the subpoena are not properly before the Court, other than Plaintiff's objection based on attorney-client privilege, addressed above, this Order has no bearing on the scope of responsive documents IOG is obligated to produce pursuant to the third-party subpoena served on it by Defendants.

II.    *Motion for Rule 37 Sanctions*

Plaintiff moves the Court to impose sanctions on Defendants for failure to comply with the Court's August 26, 2021 Order (Doc. No. 99) pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). Specifically, Plaintiff argues that Defendants failed to comply with paragraph 2 of the Court's Order, requiring Defendants to supplement their interrogatory responses pertaining to identifying the interests Defendants' claim Plaintiff failed to convey pursuant to the Agreement at issue in this litigation. *See* Pl.'s Mot. at 16-17.

Upon review of the record, the Court declines to order Rule 37 sanctions against Defendants. There is no dispute that Defendants served supplemental discovery responses in response to the Court's August 26, 2021 Order. *See* Access Exs. 19-20 (Doc. Nos. 129-19, 129-20). In response to the Court's inquiry at the December 6, 2021 hearing, Defendants represented that its September 20, 2021 supplemental responses are its complete and final responses to Plaintiff's interrogatories,[2] setting out all of the interests in the Area of Mutual Interest that Defendants claim Plaintiff failed to convey pursuant to

---

[2] *See* Access Ex. 19 (Doc. No. 129-19) (Interrog. Nos. 16-18); Access Ex. 20 (Doc. No. 129-20) (Interrog. Nos. 14-16).

the parties' Agreement.  Accepting this representation, the Court DENIES Plaintiff's

Motion for Sanctions.[3]

      IT IS SO ORDERED this 17th day of December, 2021.

 

                                   CHARLES B. GOODWIN

                                   United States District Judge

---

[3] Defendants shall not be permitted to further supplement or amend their September 20, 2021 interrogatory responses without leave of the Court.