UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMANCHE EXPLORATION COMPANY, LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. CIV-19-809-G |
| ACCESS US OIL & GAS, INC., et al., ) ) | |
| Defendants. ) | |

## ORDER

Noe before the Court is Plaintiff Comanche Exploration Company, LLC's ("Comanche") Motion to Compel Deposition Testimony and Second Motion for Sanctions (Doc. No. 157). Defendants Access US Oil & Gas, Inc. ("ATOG") and Access Texas Oil & Gas, LLC ("AUSOG," and collectively, "Access") responded in opposition (Doc. No. 169), and Comanche replied (Doc. No. 170).

*I. Background*

On November 22, 2021, Comanche deposed Jason Li, a current employee of Defendant AUSOG and a former member of Defendant ATOG, in Tacoma, Washington. *See* Pl.'s Mot. at 6. At the deposition, counsel for Comanche examined Mr. Li on topics relating to Access' involvement in the federal EB-5 Immigrant Investor Program ("EB-5 Program"). *Id.* During a break, counsel for Access informed counsel for Comanche that he would not permit the witness to answer further questions about the EB-5 Program unless limited to certain topics. *Id.* When the deposition resumed, counsel for Access instructed Mr. Li not to answer questions posed by Comanche's counsel, raising objections as to

relevance and asserting that a prior order of the Court had established the irrelevance of the information sought. *Id.* at 7. At several points in the deposition record, counsel for Access stated: "[c]ounsel, you're way outside of the scope of what would possibly be relevant to this case," "getting into this witness's understanding of the immigration process and job creation is not relevant to the case," "I'm going to instruct the witness not to answer. If you can demonstrate at some point later that there is any relevance or that it could even be calculated to lead to discovery of relevant information, then we'll revisit that topic," and "I think the court was very clear at the motions to compel that he found very little relevance to the EB-5 program outside of your specific comments related to the ability to sell or inability to sell or your lien foreclosure." Pl. Ex. 3 (Doc. No. 157-3) at 7-10; Defs. Ex. 2 (Doc. No. 169-2) at 31-36.

In July 2021, Comanche had moved to compel Access to produce documents relating to Access' involvement in the EB-5 Program. *See* Pl.'s Mot. (Doc. No. 78) at 11. After a hearing on the motion held on August 17, 2021, the Court granted in part and denied in part Comanche's motion to compel. *See* Aug. 26, 2021 Order (Doc. No. 99). Specifically, the Court narrowed Comanche's document requests and ordered Access to produce two categories of EB-5 related documents:

> (a) Defendants shall produce any offering documents, marketing materials, and investor subscription agreements pertaining to any EB-5 investment fund that contributed funds in connection with Defendants' purchase of interests under the parties' Agreement; and (b) Defendants shall produce any communications, including written correspondence, with the U.S. government or EB-5 investment fund investors that relate to Defendants' ability, intent, or efforts to sell interests covered by the parties' Agreement.

*Id.* at 1-2.

*II.    Discussion*

Comanche argues that Access' instructions to Mr. Li not to answer Comanche's questions at the deposition are improper under Federal Rule of Civil Procedure 30(c). Rule 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." A party cannot instruct a witness not to answer solely on the basis of relevance. *See Resol. Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("It is inappropriate to instruct a witness not to answer a question on the basis of relevance."). Relying on the Court's August 26, 2021 Order (Doc. No. 99), Access responds that "[t]he Court's prior limitation pertaining to the EB-5 Program applie[s] to all discovery to be taken in this case, including Mr. Li's deposition."

The Court imposed no such general limitation. The Order on which Access relies addressed a specific and discrete dispute concerning Comanche's document requests. In consideration of the arguments presented, weighing the importance of the information sought against the burden and expense of document discovery, the Court ordered Access to produce some, but not all, of the documents relating to the EB-5 program Comanche requested. The Court's Order went no further and did not apply to the deposition of Mr. Li or any other witness.

The Court finds that Access' instructions to Mr. Li not to answer were improper. Comanche's Motion to Compel (Doc. No. 157) is therefore GRANTED. Comanche may depose Mr. Li a second time, limited to three additional hours and limited to the topic of Access' involvement in the EB-5 Program.

3

Comanche in addition moves for sanctions, seeking costs and attorney's fees for a second deposition of Mr. Li pursuant to Federal Rule of Civil Procedure 30(d)(2). Rule 30(d)(2) prescribes that the Court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Pursuant to Rule 30(d)(2), the Court finds that it is proper for Access to pay Comanche the "reasonable expenses," including attorney's fees, to be incurred in deposing Mr. Li a second time. The Court DIRECTS the parties to confer regarding arrangements for the deposition, including discussion of possible alternative methods and locations for taking the deposition, and attempt to reach agreement as to payment of Comanche's expenses. If the parties cannot agree on an amount of these expenses within 10 days of this Order, Comanche shall submit to the Court an application for expenses, and Access may respond within 10 days of the filing of such application.

IT IS SO ORDERED this 27th day of January, 2022.

_____
CHARLES B. GOODWIN
United States District Judge